UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

JOHN PAUL MAC ISAAC,

        Plaintiff,

v.

TWITTER, INC.,
a Delaware Corporation,

        Defendant.
_____/

## COMPLAINT FOR DEFAMATION

COMES NOW, PLAINTIFF JOHN PAUL MAC ISAAC (hereinafter, "Plaintiff"), by and through undersigned counsel hereby sues DEFENDANT TWITTER, INC. (hereinafter, "Defendant") for defamation for making false and damaging statements and alleges as follows:

### A. PARTIES, JURISDICTION & VENUE

1. This is an action for Defamation (Libel Per Se) and damages in excess of fifteen thousand and 00/100 dollars ($15,000.00).

2. Plaintiff JOHN PAUL MAC ISAAC is an individual over the age of 18 who is *sui juris* and resides in Wilmington, Delaware.

3. Defendant TWITTER, INC. is a Delaware corporation with an office in Dade County, Florida.

4. This court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332.

5. Personal jurisdiction over the Defendant is appropriate in Florida because the Defendant maintains an office and performs substantial activities in the State of Florida.

6.  Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because Defendant maintains an office in Dade County, Florida.

## B. STATEMENT OF CASE

7.  Plaintiff is a private citizen who resides in Wilmington, Delaware.

8.  Plaintiff owned a small business named The Mac Shop, Inc. (the "Mac Shop") which is a Delaware corporation.

9.  Plaintiff was in the business of repairing Mac computers.

10. Defendant is a company that developed a social media platform used by more than 340 million people worldwide 78 million of whom purportedly reside in the United States of America. *See* Twitter Demographics as of October 28, 2020 from www.omnicoreagency.com attached as EXHIBIT A.

11. On or about April 12, 2019, Plaintiff was asked to recover information from a damaged Mac computer allegedly owned by Mr. Hunter Biden ("BIDEN"). Copy of Repair Authorization attached as EXHIBIT B.

12. On April 13, 2019, Plaintiff completed the recovery and called BIDEN to notify him of such and to request that he retrieve his recovered data.

13. On April 17, 2019, Plaintiff sent an electronic invoice to BIDEN in the amount of $85.00. Copy of electronic invoice attached as EXHIBIT C.

14. Plaintiff reached out to BIDEN at least one more time thereafter to request that he pay his invoice and retrieve his hard drive.

15. BIDEN never returned to the Mac Shop to retrieve his hard drive nor did he pay his invoice.

16. Pursuant to the terms of the Repair Authorization signed by BIDEN, "[e]quipment left with the Mac Shop after 90 days of notification of completed service will be treated as

abandoned and you agree to hold the Mac Shop harmless for any damage or loss of property." See EXHIBIT B.

17. Between late July of 2019 and October 14, 2020, Plaintiff had multiple interactions with the Federal Bureau of Investigation and Mr. Robert Costello, Esquire ("COSTELLO"), attorney for Rudolph Giuliani, Esquire ("GUILIANI").

18. On October 14, 2020, as a result of Plaintiff's interaction with COSTELLO, the New York Post newspaper ("NY POST") published an exposé about the contents of BIDEN's hard drive after having received the information from GIULIANI.

19. Plaintiff was unaware that NY POST had information from the hard drive or that a story was going to be published.

20. Plaintiff did not want his name released to the public nor did he give authorization to GIULIANI, COSTELLO, or the NY POST to release his name.

21. NY POST, as part of its exposé and without the consent of Plaintiff, published a photo of Plaintiff's business thereby notifying the public where BIDEN had dropped off his laptop.

22. On October 14, 2020, Defendant locked the NY POST's account as it attempted to post and disseminate its exposé on the social media platform provided by Defendant.

23. In addition to locking the NY POST's account, Defendant published that it was doing so because the NY POST's story violated Defendant's rules against "distribution of hacked material." See notifications directly related to the NY POST story attached as EXHIBIT D.

24. Further actions taken by Defendant in response to the NY POST's story included limiting the distribution of the story by others on their platform, as well.

25. Defendant's false and negligent statements about Plaintiff include:

    a. Locking the NY POST account to prevent dissemination of the material;

      b. Posting the reason for the locked account as it being in violation of Defendant's "hacked material" rules; and

      c. Preventing other users on its social media platform from disseminating the story.

26. Defendant's Distribution of Hacked Materials Policy ("Hacked Materials Policy") defines a "hack" as "an intrusion or access of a computer, network, or electronic device that was unauthorized or exceeded authorized access. See copy of Defendant's Distribution of Hacked Material's Policy attached as EXHIBIT E.

27. The Hacked Materials Policy further defines "hacked materials" as "information obtained through a hack."

28. Defendant's actions and statements had the specific intent to communicate to the world that Plaintiff is a hacker.

29. According to Merriam-Webster, a "hacker" is "a person who illegally gains access to and sometimes tampers with information in a computer system."

30. The term "hacker" is widely viewed as disparaging, particularly when said about someone who owns a computer repair business.

31. Plaintiff is not a hacker and the information obtained from the computer does not hacked materials because Plaintiff lawfully gained access to the computer, first with the permission of its owner, BIDEN, and then, after BIDEN failed to retrieve the hard drive despite Plaintiff's requests, in accordance with the Mac Shop's abandoned property policy.

32. Plaintiff, as a direct result of Defendant's actions and statements, is now widely considered a hacker and, on the same day Defendant categorized the Plaintiff as a hacker, Plaintiff began to receive negative reviews of his business as well as threats to his person and property. *See* Yelp reviews attached as EXHIBIT F and personal threats attached as EXHIBIT G.

33. Further evidence of the harm suffered by Plaintiff as a direct result of Defendant's false statements is that the Plaintiff had to close his business.

34. Defendant acted with malicious intent to harm the Plaintiff by publishing its defamatory statement.

### C. COUNT 1: LIBEL PER SE

35. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 – 34.

36. Defendant, through its platform, has made false statements that the materials obtained by NY POST from GIULIANI, which originally came from the Plaintiff, constitutes hacked materials thereby categorizing the Plaintiff as a hacker.

37. Defendant made the false statements with the malicious intent to harm the Plaintiff or, alternatively, with reckless disregard for the harm the false statements would cause to the Plaintiff.

38. Defendant, through its website, published and/or communicated the falsehoods to third parties.

39. Defendant knew such false statements would likely result in material and substantial defamation to Plaintiff and his business practices.

40. Defendant intended to harm the Plaintiff with the false statements.

41. Defendant's false statements impute to the Plaintiff conduct, characteristics, and/or conditions incompatible with the proper exercise of Plaintiff's lawful business, trade, and/or profession.

### *Prayer for Relief*

WHEREFORE, the Plaintiff JOHN PAUL MAC ISAAC prays for judgment against the Defendant TWITTER, INC. as follows:

(a)     Awarding Plaintiff all compensatory damages including consequential and incidental damages as a result of Defendant's wrongdoing in an amount to be determined at Trial.

(b)     Award punitive damages to Plaintiff in an amount equal to Five Hundred Million Dollars ($500,000,000.00).

(c)     Awarding Plaintiff all attorneys' fees and costs associated with litigating this case.

(d)     Requiring Defendant to make a public retraction of all false statements.

(e)     Such further relief as this Court deems just and proper.

### D. DEMAND FOR A JURY TRIAL

Plaintiff prays for a Jury Trial on all issues so triable.

Date: December 28, 2020          Respectfully submitted,

Brian R. Della Rocca, Esquire
Compass Law Partners
51 Monroe Street, Suite 408
Rockville, Maryland 20850
Ph: (240) 454-1013
Fax: (301) 740-2297
bdellarocca@compass-law.com

Wesley R. Harvin, II, Esquire
Fla Bar ID #52706
Harvin & Harvin LLP
900 E. Ocean Blvd. Suite 210B
Stuart, FL 34994
(772) 286-3630
wesharvin@gmail.com

*Motion to Appear Pro Hac Vice to be filed*

*Attorneys for John Paul Mac Isaac*