UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-25264-BLOOM/Otazo-Reyes

JOHN PAUL MAC ISAAC,

    Plaintiff,

v.

TWITTER, INC.

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On December 28, 2020, Plaintiff filed a Complaint for Defamation, ECF No. [1], asserting a single count for libel *per se* and seeking damages, including punitive damages equal to $500,000,000.00. According to the Complaint, Defendant made false statements that Plaintiff is a "hacker" in reference to materials obtained by the New York Post and shared on Twitter in an exposé concerning the contents of Hunter Biden's computer hard drive. For the reasons set forth below, the Court lacks subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am.*

*Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Id.* (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnote call numbers and citations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala.*, 168 F.3d at 409 (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

The Complaint alleges that Plaintiff is a resident of Delaware and that Defendant is a Delaware corporation "with an office in Dade County, Florida." ECF No. [1] at ¶¶ 2-3. The sole basis for subject matter jurisdiction is diversity of citizenship. *Id.* at ¶ 4; *see also* ECF No. [1-1] (listing diversity as the basis for jurisdiction). For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d at 412. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed a citizen of every State . . . by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" Thus, accepting the Complaint's allegations as true,[1] the

---

[1] The Court cannot conclude that Defendant is a Florida citizen. The Complaint merely alleges that Defendant maintains an office in Florida, but it does not allege where the "principal place of business" is located. According to Twitter's website, its employees work across "35+ offices worldwide." *See* https://about.twitter.com/en_us/company.html (last visited December 28, 2020).

Case No. 1:20-cv-25264-BLOOM/Otazo-Reyes

Complaint fails to allege complete diversity. Therefore, the Court is without subject matter jurisdiction over the instant action.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED** *without prejudice*;

2. All pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**;

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 28, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record